IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ISMAEL GOMEZ, JR., #16668-04,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-00946-JPG |
| | ) |
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Ismael Gomez, Jr., is currently incarcerated at the United States Penitentiary in Marion, Illinois. He initially filed a "Motion for an Order to Provide Medical Services and Medications" (Doc. 1) in the United States District Court for the Western District of Michigan. That motion was transferred to this judicial district (Doc. 6). Because Federal Rule of Civil Procedure 3 requires a complaint, not merely a motion, in order to initiate an action, Plaintiff was given an opportunity to file a complaint (Doc. 9). Plaintiff's complaint (Doc. 10) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.

Under Section 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

The complaint purports to be brought under 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, the complaint fails to state a colorable

constitutional claim, or any claim for that matter.  Under the section captioned "Statement of Claim," it states:  "Deleted by the Bureau of Prisons" (Doc. 10, p. 5).  The notation appears to have been Plaintiff's and not by the Bureau of Prisons.   The United States of America is listed as the sole defendant.  A direct action against the United States is unavailable under *Bivens*.  *F.D.I.C. v. Meyer*, 510 U.S. 471, 485-86 (1994); instead, Plaintiff must name the individual government agents who wronged him.  In the alternative, as the Court's initial order explained, an action against the United States is also available under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680.  Because the complaint also omits any prayer for relief, the Court cannot discern which statute is the proper or desired vehicle.  Moreover, although various administrative grievances and responses are attached as exhibits to the complaint, the Court cannot wholly fashion claims on Plaintiff's behalf.  Consequently, the complaint will be dismissed without prejudice.

Plaintiff will be given a final opportunity to file an amended complaint that states a colorable constitutional claim and prays for some form of relief, such as monetary damages and/or injunctive relief.  In order to aid Plaintiff in drafting a suitable amended complaint, an informational packet will be sent to Plaintiff, along with a complaint form.

**IT IS THEREFORE ORDERED** that, for the reasons state, the complaint (Doc. 10) is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that on or before **June 16, 2014**, Plaintiff shall file an amended complaint.  Any amended complaint will undergo review pursuant to 28 U.S.C. 1915A.  Failure to comply with this order will result in the dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

The Clerk of Court is **DIRECTED** to send Plaintiff a blank complaint form and the district's Pro Se Litigant Guide.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: May 16, 2014**

*s/ J. Phil Gilbert*
**United States District Judge**