IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISMAEL GOMEZ, Jr.<br>No. 16668-040,<br><br>   Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>J.S. WALTON,<br>M. WINKLMEIER,<br>M. BAGWELL,<br>LESLEY DUNCAN BROOKS,<br>CASTILLO,<br>DR. KING, and<br>DR. HARVEY,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 13-cv-00946-JPG<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

  Plaintiff Ismael Gomez, Jr. is an inmate at the United States Penitentiary in Marion, Illinois. He brings this action seeking redress for the denial of medical care and retaliation against him for his litigation activities. Before the Court is Plaintiff's third attempt to launch this action, his First Amended Complaint (Doc. 22).

  The First Amended Complaint is now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) Screening.– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal.– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>   (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility. *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The First Amended Complaint

Plaintiff brings suit against Warden J.S. Walton, Director of Health Services M. Winklmeier, Assistant Director of Health Services M. Bagwell, Physician's Assistant Lesley Duncan Brooks, Physician's Assistant Castillo, Dr. King, Dr. Harvey, and the United States.

Plaintiff Gomez suffers from, among other things, arthritis and a pinched nerve affecting his neck, shoulder and arms, a herniated disc, and neuropathy—all of which leave him in pain that he rates as between 6 and 8 on a 10-scale. His sick-call slips have been ignored, and on occasions when he was seen by the defendant medical personnel, he has only been given a superficial examination. Consequently, he has not received adequate treatment for his ailments. Personal requests and written grievances to each of the individual defendants have been to no avail.

Plaintiff notes that Bureau of Prisons Program Statement 6000.05 pertains to how inmate medical needs are to be addressed. From Plaintiff's perspective, the individual defendants have

performed their duties negligently and/or with deliberate indifference. Also, their failure to treat him properly has been in retaliation for Plaintiff being a witness in *Bakhtiari v. Walton*, Case No. 13-cv-906-JPG (S.D. Ill. Feb. 10, 2014), and for his pursuit of this action. It is also alleged that the defendants were discriminating against Plaintiff because he is Latino, while other non-Latino prisoners similarly situated have received proper medical treatment. Plaintiff further asserts that all of the individual defendants—particularly Bagwell, Winklmeier, Brooks and Castillo—have acted in conspiracy, as evidenced by their huddling together each time he appears in the Health Services Unit. None of the defendants has ever attempted to put an end to the conspiracy to deny Plaintiff his civil rights.

Constitutional claims are asserted pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) ("*Bivens*"), including liability for conspiracy under 42 U.S.C. §§ 1985(2) and (3), and failure to prevent such conspiracies under 42 U.S.C. § 1986. Also, negligence (medical malpractice) claims are asserted under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671–2680. Compensatory and punitive damages are sought.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into the following counts, which generally mirror the claims delineated in the First Amended Complaint. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Under the FTCA, the United States, by and though the individual defendants, was negligent in attending to Plaintiff's medical needs, in violation of prison regulations and Illinois law;
>
> **Count 2:** Under *Bivens*, the individual defendants were each deliberately indifferent to Plaintiff's serious medical needs, in violation of the Eighth Amendment;

**Count 3:**   Under *Bivens*, the individual defendants each retaliated against Plaintiff for his litigation activities by failing to properly treat Plaintiff's medical needs, in violation of the First Amendment;

**Count 4:**    Under *Bivens*, the individual defendants denied Plaintiff his Fifth Amendment right to due process by denying him "liberty, life and property" when they violated Program Statement 6000.05 and did not afford him proper medical treatment;

**Count 5:**    Under *Bivens*, the individual defendants denied Plaintiff proper medical treatment due to his race, in violation of the Equal Protection Clause of the Fourteenth Amendment;

**Count 6:**   The individual defendants conspired to deny Plaintiff his right to equal protection (as alleged in Count 5) by failing to provide Plaintiff proper medical care, in violation of 42 U.S.C. § 1985(3);

**Count 7:**   The individual defendants conspired to obstruct justice by intimidating a witness (as alleged in relation to Count 3) by failing to provide Plaintiff proper medical care, in violation of 42 U.S.C. § 1985(2); and

**Count 8:**   Each of the individual defendants failed to withdraw from and/or quash the conspiracies alleged in Counts 6 and 7, in violation of 42 U.S.C. § 1986.

Except for Count 4, the Fifth Amendment due process claim, all Counts state colorable claims.  Count 1, however, is also procedurally flawed.  Therefore, Counts 1 and 4 will be addressed in more detail.

## Count 1

Federal prisoners may bring suit under the FTCA for injuries sustained through the negligent acts of prison officials.  *Palay v. United States,* 349 F.3d 418, 425 (7th Cir. 2003) (discussing *United States v. Muniz,* 374 U.S. 150 (1963)).  An FTCA claim may be brought for:

> [P]ersonal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

*Palay,* 349 F.3d at 425 (citing 28 U.S.C. § 1346(b)(1)). Count 1 is a bit amorphous and is construed as a medical malpractice action based on a lack of skill or care in ensuring Plaintiff received proper medical care.

In a medical malpractice action, a plaintiff must ultimately prove: (1) the proper standard of care by which to measure the defendant's conduct; (2) a negligent breach of the standard of care; and (3) the resulting injury proximately caused by the defendant's lack of skill or care. *Susnis ex rel. Susnis v. Radfar*, 739 N.E.2d 960, 96 (Ill. App. 1st Dist. 2000).

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit *along with the complaint*, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (*and the written report must be attached to the affidavit*); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILCS 5/2-622(a) (West 2013).

Plaintiff has not filed the required certificate. Failure to file the required certificate is grounds for dismissal of the claim. *See* 735 ILCS 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. Similarly, "Illinois courts have

held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend [his or her] complaint to comply with section 2-622 before [his or her] action is dismissed with prejudice.' " *Id.*

Plaintiff Gomez acknowledges that the required certificate has not been provided. He has filed a "Motion to Reserve Judgment Pending Plaintiff's Efforts to Find Expert and to Prepare Certificate of Merit" (Doc. 23). The motion must be denied. To grant Plaintiff's motion would be to ignore the dictates of the statute. However, Count 1 will be dismissed without prejudice, leaving Plaintiff with the opportunity to amend to properly reassert the FTCA medical care claim.

### Count 4

Regarding Count 4, although the Due Process Clause of the Fifth Amendment is applicable to medical care claims during the time between arrest and conviction, the Eighth Amendment is applicable to the medical care claims of convicted inmates like Plaintiff. *See Sides v. City of Champaign*, 496 F.3d 820, 828 (7th Cir. 2007). Thus, Count 2, the Eighth Amendment claim pertaining to medical care properly presents Plaintiff's medical care issues. The Court analyzes similar claims under the most "explicit source[s] of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989); *see* e.g., *Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005) (dismissing equal protection and Eighth Amendment claims based on same circumstances as free exercise claim). Consequently, Count 4 will be dismissed with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that Plaintiff's "Motion to Reserve Judgment Pending Plaintiff's Efforts to Find Expert and to Prepare Certificate of Merit" (Doc. 23) is **DENIED**.

**IT IS FURTHER ORDERED** that, for the reasons stated, **COUNT 1**, the FTCA medical care claim, is **DISMISSED without prejudice**; and **COUNT 4**, the Fifth Amendment due process claim, is **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that **COUNTS 2-3 and Counts 5-8** shall **PROCEED**.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons for service of process on the **UNITED STATES**. Pursuant to Federal Rule of Civil Procedure 4(i), the Clerk shall (1) personally deliver to or send by registered or certified mail addressed to the civil-process clerk at the office of the United States Attorney for the Southern District of Illinois a copy of the summons, the complaint, and this Memorandum and Order; and (2) send by registered or certified mail to the Attorney General of the United States at Washington, D.C., a copy of the summons, the complaint, and this Memorandum and Order.

The Clerk of Court, pursuant to Federal Rule of Civil Procedure 4(i)(3), shall prepare for Defendants **J.S. WALTON, M. WINKLMEIER, M. BAGWELL, LESLEY DUNCAN BROOKS, CASTILLO, DR. KING and DR. HARVEY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each individual Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full

costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.  Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. §

1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: January 27, 2015**

                                                                *s/J. Phil Gilbert*
                                                                **United States District Judge**