IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ISMAEL GOMEZ, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.   13-cv-946-MJR-SCW |
| | ) | |
| UNITED STATES OF AMERICA, J.S. | ) | |
| WALTON, M. WINKLMEIER, M. | ) | |
| BAGWELL, LESLEE BROOKS, | ) | |
| CASTILLO, DR. HARVEY, and DR. | ) | |
| KING, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

Pursuant to *Bivens v. Six Unknown Named Agents*, **403 U.S. 388 (1971)**, 42 U.S.C. § 1985(2) and (3), and 42 U.S.C. § 1986, *pro se* Plaintiff Ismael Gomez, currently incarcerated at the United States Penitentiary in Marion, Illinois, claims various constitutional violations by the Defendants.  Specifically, Plaintiff alleges that the Defendants were deliberately indifferent to his serious medical needs (Count 2), retaliated against him (Count 3), denied him proper medical treatment due to his race (Count 5), conspired to deny his right to equal protection (Count 6), conspired to obstruct justice (Count 7), and failed to withdraw from the conspiracies (Count 8).

This matter is currently before the Court on a summary judgment motion (Doc. 49) filed by Defendants Dr. Harvey and M. Bagwell, and identical motions to dismiss Counts 6-8 (Docs. 48, 54, and 66) filed by Defendants J.S. Walton, M. Bagwell, Leslee

Brooks, Castillo, Dr. Harvey, M. Winklmeier, and Dr. King.   Plaintiff has filed responses

to both motions (Docs. 67 and 60, respectively).   For the following reasons, the Court

**GRANTS** both the summary judgment motion and the motions to dismiss.

BACKGROUND

Plaintiff is currently a prisoner at the United State Penitentiary in Marion, Illinois.

Plaintiff's first amended complaint, as narrowed by the Court's threshold order, alleges

that he suffers from various ailments including arthritis; a pinched nerve affecting his

neck, shoulder, and arms; a herniated disc; and neuropathy (Doc. 24, p. 2).   Plaintiff

alleges that these conditions leave him in pain that he rates as 6 to 8 on a 10 point scale

(*Id*.).   Plaintiff alleges that his sick-calls are ignored and that when he does meet with

medical personnel they only give him a superficial examination.

Plaintiff also alleges that Defendants are denying him adequate healthcare due to

his race.   Plaintiff is Latino and Plaintiff alleges that non-Latino prisoners with similar

ailments have received adequate treatment where he has been denied treatment.   He

also claims that the actions of Defendants are done out of retaliation and in conspiracy

with one another (Doc. 24, p. 3).   Plaintiff believes that Defendants are conspiring

against him because he sees them huddled together when he is in the healthcare unit.

In response to Plaintiff's complaint, all of the Defendants have filed motions to

dismiss the conspiracy claims (Docs. 48, 54, and 66).   Defendants argue that Plaintiff has

not adequately alleged a conspiracy in Counts 6-8 because he only alleges a conspiracy

between members of the same entity.   Further, Dr. Harvey and M. Bagwell argue that

they are immune from *Bivens* liability as they are members of the Public Health Service.

LEGAL STANDARDS

### A. Summary Judgment Standard

Summary judgment is proper only "if the admissible evidence considered as a whole shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Dynegy Marketing & Trade v. Multiut Corp.,* **648 F.3d 506, 517 (7th Cir. 2011) (***citing*** FED. R. CIV. P. 56(a)).** A fact is material if it is outcome determinative under applicable law, and a genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* **477 U.S. 242, 248 (1986).**

The party seeking summary judgment bears the initial burden of demonstrating—based on the pleadings, affidavits, and the other information submitted—the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett,* **477 U.S. 317, 323 (1986).** After a proper motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* **477 U.S. at 250 (***quoting*** FED. R. CIV. P. 56(e)(2)).** A mere scintilla of evidence in support of the nonmovant's petition is insufficient; a party will be successful in opposing the motion when it presents definite, competent evidence to rebut the motion. *Szymanski v. Rite-Way Lawn Maintenance Co., Inc.,* **231 F.3d 360, 364 (7th Cir. 2000).**

On summary judgment, the Court considers the facts in the light most favorable to the non-movant, and adopts reasonable inferences and resolves doubts in the

non-movant's favor.   *Srail v. Vill. of Lisle*, **588 F.3d 940, 948 (7th Cir. 2009).**   Even if the

material facts are not in dispute, summary judgment is inappropriate when the

information before the Court reveals that "alternate inferences can be drawn from the

available evidence."   *Spiegla v. Hull*, **371 F.3d 928, 935 (7th Cir. 2004)**, *abrogated on*

*other grounds by Spiegla II*, **481 F.3d at 966 (7th Cir. 2007).**

## B.  Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to

state a claim.   Although a complaint need not contain detailed factual allegations to

avoid dismissal, it must contain "enough facts to state a claim for relief that is plausible

on its face."   *Scott v. Chuhak & Tecson, P.C.*, **725 F.3d 772, 782 (7th Cir. 2013).**   A claim

is facially plausible "when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged."

*D.B. ex rel. Kurtis B. v. Kopp*, **725 F.3d 681, 684 (7th Cir. 2013).**   Facial plausibility

requires a claimant to "go beyond mere labels and conclusions" and allege "enough to

raise a right to relief above the speculative level."   *G&S Holdings, LLC v. Continental*

*Casualty Co.*, **697 F.3d 534, 537-38 (7th Cir. 2012).**   Stated another way, "to withstand a

Rule 12(b)(6) challenge," the plaintiff "must give enough details about the subject-matter

of the case to present a story that holds together"—the question the district court should

ask in addressing the motion is "*could* these things have happened, not *did* they happen."

*Estate of Davis v. Wells Fargo Bank*, **633 F.3d 529, 533 (7th Cir. 2011).**

Courts "must still approach motions under Rule 12(b)(6) by construing the

complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded

facts alleged, and drawing all possible inferences in [his or her] favor.'" *Hecker v. Deere*

*& Co.*, **556 F.3d 575, 580 (7th Cir. 2009).**   The court must take well-pleaded facts as true,

but is not required to accept as true "statements of law" or "unsupported conclusory

factual allegations."   *Yeftich v. Navistar, Inc.*, **722 F.3d 911, 915 (7th Cir. 2013).**

## ANALYSIS

### A.  Public Health Service Immunity

Defendants Bagwell and Harvey argue that they should be dismissed from this

action as they are immune from suit as officers of the Public Health Service.   42 U.S.C. §

233(a) indicates that the exclusive remedy for a claim against a member of the Public

Health Service involving the performance of medical or related functions within the

scope of employment is through the Federal Tort Claims Act and not a *Bivens* suit

against the officer.   *See Hui v. Castaneda*, **559 U.S. 799, 809 (2010).**   Defendants

Bagwell and Harvey have offered an affidavit indicating that they are Public Health

Service officers (Doc. 49-1, p. 2-3).   Capt. George Durgin, the Service Corps Liaison, also

testified by affidavit that both Bagwell and Harvey are Service officers (*Id.*).   The two

defendants also argue that their actions in treating Plaintiff's medical condition fell

within the scope of their employment as Service officers.   Plaintiff takes issue with the

fact that Defendants are Service officers who are working for the Bureau of Prisons and

does not think that it is right that he cannot hold them responsible for their denial of

medications.  But Plaintiff could pursue claims against the United States concerning

those officers through the Federal Tort Claims Act should Plaintiff properly bring a

Federal Tort Claims Act claim.[1]   Further, the Court finds no facts in the record to

indicate that Defendants were acting outside of their administrative duties when they

allegedly denied Plaintiff adequate medical care—a finding that could allow for a *Bivens*

claim.   Thus, this Court finds that it does not have subject matter jurisdiction over

Bagwell and Harvey and will dismiss them with prejudice from this case.

### B.  Conspiracy Claims

All of the Defendants also seek to dismiss Plaintiff's conspiracy claims in Counts

6-8 as those claims allege a conspiracy among the individual defendants under 42 U.S.C.

§ 1985 and 1986.   Defendants argue that these claims are barred under the

intracorporate conspiracy doctrine.   Under that doctrine, a § 1985 conspiracy claim

"cannot exist solely between members of the same entity." *Payton v.*

*Rush-Presbyterian-St. Luke's Med. Ctr.*, **184 F.3d 623, 632 (7th Cir. 1999).**   "[T]he

function of a conspiracy claim under § 1985(3) is to permit recovery from a private actor

who has conspired with state actors."   *Turley v. Rednour*, **729 F.3d 645, 649 n.2 (7th Cir.**

**2013).**   In this case, all of the Defendants which Plaintiff alleges conspired together were

employees at the United States Penitentiary in Marion, Illinois.   As they are all

employees of the same entity, they cannot be sued under § 1985 for conspiracy.   *Payton*,

**184 F.3d at 632;** *Wright v. Ill. Dep't of Children and Family Servs.*, **40 F.3d 1492, 1508 (7th**

---

[1] Plaintiff attempted to bring a claim under the Federal Tort Claims Act against the United States but Plaintiff failed to file the certificate required by 735 ILCS 5/2-622(a), so that claim was dismissed without prejudice at screening (*See* Doc. 24, p. 5-6).

**Cir. 1994).**    Plaintiff's claim under § 1986 must also fail as such a claim lacks merit when a plaintiff fails to state a claim under § 1985.   *Smith v. Gomez*, **550 F.3d 613, 617-18 (7th Cir. 2008);** *Hicks v. Resolution Trust Corp.*, **970 F.2d 378, 382 (7th Cir. 1992) ("in the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist").**    Accordingly, counts 6-8 will be dismissed with prejudice against all of the Defendants.

CONCLUSION

For the reasons stated above, the Court **GRANTS** the summary judgment motion (Doc. 49) filed by Defendants Dr. Harvey and M. Bagwell and **GRANTS** the identical motions to dismiss Counts 6-8 (Docs. 48, 54, and 66) filed by Defendants J.S. Walton, M. Bagwell, Leslee Brooks, Castillo, Dr. Harvey, M. Winklmeier, and Dr. King.   The Court **DISMISSES with prejudice** Counts 6-8 as to all Defendants and **DISMISSES with prejudice** all of the claims against Dr. Harvey and M. Bagwell.

**IT IS SO ORDERED.**

**DATED:   March 10, 2016**

/s/ **Michael J. Reagan**
**Chief Judge Michael J. Reagan**
**United States District Court**