IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ISMAEL GOMEZ, JR., <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA, J.S. WALTON, M. WINKLMEIER, M. BAGWELL, LESLEY DUNCAN BROOKS, CASTILLO, DR. KING and DR. HARVEY, <br><br> Defendants. | Case No. 13-cv-946-JPG-SCW |

## **MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation ("Report") (Doc. 93) of Magistrate Judge Stephen C. Williams recommending that the Court grant the motion for summary judgment filed by defendants Lesley Duncan Brooks, Castillo, Dr. King, J.S. Walton, and M. Winklmeier (Doc. 84). Plaintiff Ismael Gomez, Jr. has objected to the Report (Doc. 105), and the defendants have responded to that objection (Doc. 106).

The Court may accept, reject or modify, in whole or in part, the findings or recommendations of the magistrate judge in a report and recommendation. Fed. R. Civ. P. 72(b)(3). The Court must review *de novo* the portions of the report to which objections are made. *Id.* "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

This case arose after Gomez, an inmate at the United States Penitentiary at Marion, Illinois ("USP-Marion") became dissatisfied with the medical treatment he received. Prior to being house by the Bureau of Prisons, Gomez was taking Gabapentin for a diagnosis of cervical

neuropathy and now complains that it was discontinued at USP-Marion. In the Report, Magistrate Judge Williams recounted the medical attention Gomez received from the defendants, all medical personnel at USP-Marion, beginning in July 1, 2013, following his arrival at USP-Marion, including his initial health screening, visits with medical staff, medication prescribed and tests performed. In summary, after testing and examination, Dr. King came to the conclusion that Gomez did not have the condition for which Gabapentin had been prescribed and, in light of its possible adverse side effects, discontinued the prescription and prescribed him other medication for his complaints. Brooks and Castillo, both mid-level practitioners, continued to search for evidence of the cause for Gomez's pain and an effective medication to reduce it.

As to Gomez's complaints that the defendants were deliberately indifferent to his serious medical need, Magistrate Judge Williams found in the Report that there was no evidence the defendants were deliberately indifferent. Specifically with respect to Dr. King, Magistrate Judge Williams noted that he saw Gomez only one time and used his medical judgment to discontinue Gabapentin in light of a lack of objective, clinical support and possible adverse side effects, but to continue other treatment of Gomez's chronic pain and mental health issues through specialty chronic care clinics. As for Brooks, Magistrate Judge Williams found she continued Gomez's Gabapentin prescription until Dr. King ordered otherwise, continued treating his mental health with medication, consulted with the medical director about appropriate tests in an effort to investigate the reason for Gomez's pain and about medication, including Gabapentin, that could alleviate that pain. As for Castillo, who took over Gomez's care after Brooks was reassigned, the evidence shows he saw Gomez numerous times, sought tests to identify the reason for his pain, and tried different medications to help that pain, including unsuccessfully requesting Gabapentin from the medical director. As for Walton and Winklmeier, Magistrate Judge Williams found they were

administrators who lacked personal involvement in Gomez's medical care and instead relied on medical personnel at USP-Marion to provide appropriate care.

As to Gomez's complaints that the defendants treated him differently because of his race (he is Latino), Magistrate Judge Williams found Gomez had not pointed to any evidence from which a reasonable jury could conclude his medical treatment differed from that of other similarly situated inmates of a different race.

In his objection, Gomez states simply that his pleadings provide ample evidence that the defendants were deliberately indifferent and treated him differently because of his race.

The Court has reviewed the matter *de novo* and finds, for the reasons stated in Magistrate Judge Williams' thorough and well-reasoned Report, that there is no evidence from which a reasonable jury could find the defendants were deliberately indifferent to Gomez's medical needs or that they treated him differently because he is Latino.[1]  Gomez clearly did not agree with the decision to discontinue his prescription for Gabapentin, but the evidence shows that the decision was based on a medical judgment within the scope of reasonable professional judgment. Thereafter, the defendants searched for the cause of Gomez's pain that was consistent with objective tests and for a medication that would be effective based on the various potential causes. That Gomez disagrees with the defendants' decisions does not amount to deliberate indifference. Additionally, there is no evidence that any action was taken with respect to Gomez's care because of his race.

For the foregoing reasons, the Court:

- **ADOPTS** the Report in its entirety (Doc. 93);

---

[1] The Court notes one typographical error; the Report inadvertently refers to Gomez's deliberate indifference claim as Count 1 when it is really Count 2.

- **GRANTS** the motion for summary judgment filed by defendants Lesley Duncan Brooks, Castillo, Dr. King, J.S. Walton, and M. Winklmeier on Count 2 (deliberate indifference to serious medical needs) and Count 5 (equal protection) (Doc. 84); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED:   September 23, 2016**

                                                 s/ J. Phil Gilbert
                                                 **J. PHIL GILBERT**
                                                 **DISTRICT JUDGE**